tion by William J. Berghen against Charles G. Purdy and another. No opinion. Judgment and order affirmed, with costs.

BERNSTEIN et al., Appellants, v. LAMKAY et al., Respondents. (Supreme Court, Appellate Term. April 16, 1900.) Action by Samuel Bernstein and another against Jacob Lamkay and another. From a judgment in favor of defendants, plaintiffs appeal. Affirmed. Leon Sanders, for appellants. Charles C. Levenson, for respondents.

PER CURIAM. This action was brought to recover the purchase price of certain goods alleged to have been sold by the plaintiff to the defendant. The defendant denied the sale, insisting that the goods were sample goods, and delivered as such pursuant to agreement. The defendant tendered a return of same, which plaintiff refused to accept. This was the question of fact litigated in the court below, and, as the judgment rendered for the defendant is amply sustained by the evidence, it should be affirmed. Judgment affirmed, with costs.

In re BIGELOW et al. (Supreme Court, Appellate Division, Third Department. May 15, 1900.) In the matter of the application of Martha A. Bigelow and C. Murray Bigelow. No opinion. Order affirmed, with $10 costs and disbursements.

BLACKWELL, Respondent, v. JACOBSON, Appellant. (Supreme Court. Appellate Division, Second Department. May 1, 1900.) Action by Marguerite A. Blackwell against Jacob Jacobson. No opinion. Judgment of the municipal court affirmed by default, with costs.

BLAKE, Appellant, v. BLAKE, Respondent. (Supreme Court, Appellate Division, First Department. May 11, 1900.) Action by Carrie F. Blake against Fred E. Blake. H. M. Stevenson, for appellant. J. J. Hassett, for respondent. No opinion. Order affirmed, with $10 costs and disbursements.

BLANK et al., Appellants, v. SPIES, Respondent. (Supreme Court, Appellate Term, May 1, 1900.) Action by William F. Blank and others against Henry Spies. From an order of general term retaxing costs (62 N. Y. Supp. 1039), plaintiffs appeal. Affirmed. Abraham Kling, for appellants. Malcolm R. Lawrence, for respondent. No opinion. Order affirmed, with $10 costs and disbursements.

In re BOARD OF EDUCATION. In re PRIMROSE. (Supreme Court, Appellate Division, First Department. May 18, 1900.) In the matter of the board of education. No opinion. Motion granted.

BOYLAN v. REILLY. (Supreme Court, Appellate Division, First Department. May 18, 1900.) Action by Patrick S. Boylan against John Reilly, impleaded. No opinion. Motion granted, with $10 costs.

BOYLE, Respondent, v. DEGNON-McLEAN CONST. CO., Appellant. (Supreme Court, Appellate Division, Second Department.

April 14, 1900.) Action by Bridget Boyle, as administratrix, etc., against the Degnon-McLean Construction Company. No opinion. Stay for proceedings continued for 10 days. See 63 N. Y. Supp. 1105.

BRANCH, Respondent. v. NEW YORK CENT. & H. R. R. Co., Appellant. (Supreme Court, Appellate Division, Fourth Department. April 12, 1900.) Action by Calvin G. Branch against the New York Central & Hudson River Railroad Company. No opinion. Judgment and order affirmed, with costs. Motion for leave to appeal to the court of appeals granted. See 57 N. Y. Supp. 344.

BRINK, Appellant, v. ERIE R. CO., Respondent. (Supreme Court, Appellate Division, Second Department. April 24, 1900.) Action by Alfred Brink against the Erie Railroad Company. No opinion. Motion for reargument, or for leave to appeal to the court of appeals, denied. See 62 N. Y. Supp. 408.

BROWN, Respondent, v. CADY, Appellant. (Supreme Court, Appellate Division, Third Department. May 2, 1900.) Action by George C. Brown, an infant, by guardian, against George S. Cady. No opinion. Judgment and order affirmed, with costs.

In re BUCKMAN'S ESTATE. (Supreme Court, Appellate Division, First Department. May 11, 1900.) In the matter of the estate of Ezra Buckman, deceased.

PER CURIAM. Motion so far granted as to direct the chamberlain to endeavor to procure a purchaser for the premises at the best possible price, and to report such proposed purchase, if obtained, to the court, with full particulars,—a hearing upon such report to be brought on upon notice to all parties interested in the premises, or in the moneys which were secured by the mortgage upon said premises, so that the court may make an order for the completion of such purchase, if it is deemed advisable.

BUEB, Respondent, v. GERATY et al., Appellants. (City Court of New York, General Term. May 28, 1900.) Action of replevin by Otto J. Bueb against Annie M. Geraty and Thomas Connery. From a judgment in favor of plaintiff, and from an order denying defendants' motion for a new trial on the minutes, defendants appeal. Affirmed. Edmund T. Oldham, for appellants. Edwin F. Stern, for respondent.

PER CURIAM. On a careful examination of the appeal book, and consideration of every point raised by appellants' brief, we do not find that any reversible error has been committed. Judgment and order appealed from is affirmed, with costs to respondent.

BUNDICK, Respondent, v. STRAUSS, Appellant. (Supreme Court, Appellate Division, Second Department. April 14, 1900.) Action by William H. Bundick against Julius H. Strauss. No opinion. Judgment and order affirmed, with costs. All concur, except BARTLETT, J., who

dissents on the ground that the plaintiff's own testimony indicates that he did not regard the defendant's treatment as a discharge.

BUNDICK, Respondent, v. STRAUSS. Appellant. (Supreme Court, Appellate Division, Second Department. May 1, 1900.) Action by William H. Bundick against Julius H. Strauss. No opinion. Motion to resettle order granted, and order signed.

BURNHAM, Respondent, v. DENIKE, Respondent (MESNIER, Appellant). (Supreme Court, Appellate Division, Second Department. May 8, 1900.) Action by Elizabeth A. Burnham against Abraham Denike, impleaded with others. Emil Mesnier appeals.

PER CURIAM. Motions to dismiss appeal granted, unless the appellant cause the appeal papers to be served within 10 days, and bring the case on for argument at the next term, beginning on May 28, 1900.

BUSH v. COLER. (Supreme Court, Appellate Division, First Department. May 18, 1900.) Action by Irving T. Bush against Bird S. Coler. No opinion. Motion denied, with $10 costs. See 53 N. Y. Supp. 679.

CAREY, Respondent, v. BALDWIN et al., Appellants. (Supreme Court, Appellate Division, Fourth Department. November Term, 1899.) Action by William Carey against Henry K. Baldwin and others. No opinion. Judgment and order affirmed, with costs.

CARR, Appellant, v. IVES et al., Respondents. (Supreme Court, Appellate Division, First Department. November Term, 1899.) Action by George W. Carr, as receiver, etc., of Martha A. Ives, against Martha A. Ives and another. No opinion. Judgment affirmed, with costs.

CERIO v. FARMERS' LOAN & TRUST CO. (Supreme Court, Appellate Division, First Department. May 18, 1900.) Action by George Cerio against the Farmers' Loan & Trust Company. No opinion. Motion denied.

CHRISTIAN FEIGENSPAN, Respondent, v. O'BRIEN, Appellant. (Supreme Court, Appellate Division, Second Department. May 1, 1900.) Action by the Christian Feigenspan, a corporation, against Patrick O'Brien. No opinion. Judgment of the municipal court affirmed, on argument, with costs.

CITY OF YONKERS, Respondent, v. YONKERS R. CO., Appellant. (Supreme Court, Appellate Division, Second Department. April 24, 1900.) Action by the city of Yonkers against the Yonkers Railroad Company. No opinion. Judgment unanimously affirmed, with costs.

CLARK, Respondent, v. CONKLIN, Appellant. (Supreme Court, Appellate Term. April 16, 1900.) Action by one Clark against one Conklin. From the judgment rendered, defendant appeals. Reversed. T. Davis, for appellant. S. I. Ferguson, for respondent.

PER CURIAM. As the record does not show that the defendant was a resident of the city of New York, the jurisdictional facts do not appear, and the judgment must accordingly be reversed. Willis v. Parker (Sup.; March 5, 1900) 62 N. Y. Supp. 1078. Judgment reversed, and new trial ordered, without costs.

CLARK, Respondent, v. DAWSON, Appellant. (Supreme Court, Appellate Division, Fourth Department. April 12, 1900.) Action by Orlo R. Clark against William E. Dawson. No opinion. Judgment affirmed, with costs.

CODDINGTON, Appellant, v. DUFFY, Respondent. (Supreme Court, Appellate Division, First Department. April 20, 1900.) Action by Charles E. Coddington against John Duffy. A. B. Cruikshank, for appellant. J. E. Cady, for respondent. No opinion. Judgment affirmed, with costs.

COHEN, Respondent, v. HOLTZER, Appellant. (City Court of New York, General Term. May 28, 1900.) Action by Morris Cohen against Max Holtzer. From an order of reference in favor of plaintiff, defendant appeals. Reversed. Ignace I. Apfel, for appellant. Max Altmayer, for respondent.

PER CURIAM. Order of reference appealed from is reversed, with costs and disbursements, and the motion for a reference, etc., is denied, without costs.

In re COLONIAL PARK. In re STROUSE. (Supreme Court, Appellate Division, First Department. April 12, 1900.) In the matter of Colonial Park. In the matter of one Strouse. No opinion. Motion granted to extent stated in memorandum.

COONRAD, Plaintiff, v. MARRIOTT et al., Defendants. (Supreme Court, Special Term, Oneida County. September, 1899.) Action to compel specific performance of contract for sale of certain premises made by defendant Marriott with plaintiff. H. S. Willison and D. F. Searle, for plaintiff. J. S. Baker, for defendants.

HISCOCK, J. Plaintiff's complaint is dismissed, without costs, on the ground that the contract of sale given by defendant Marriott to the plaintiff, Coonrad, was not of such a fair, just, and equitable character as will be specifically enforced by a court of equity. Seymour v. Delancey, 6 Johns. Ch. 222; Margraf v. Muir, 57 N. Y. 158; Sherman v. Wright, 49 N. Y. 227. Complaint dismissed, without costs.

CORN, Respondent, v. MESNIER, Appellant. (Supreme Court, Appellate Term. May 1, 1900.) Action by Henry Corn against Emil Mesnier. From a judgment in favor of plaintiff, defendant appeals. Affirmed. Abraham Levy, for appellant. Lachman & Goldsmith, for respondent.

PER CURIAM. There was enough evidence to warrant a finding of the relationship of landlord and tenant, for rent had been paid to the petitioner up to December 1st. The petition was sufficient to require the justice to issue the precept. The appeal is without merit. The judgment is affirmed, with costs.